**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>LEON JOHNSON,<br><br>        Defendant. | Case No. 2:15–cr–220–JCM–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION TO DISMISS (#26) |

  This matter involves the United States' prosecution of Leon Johnson for robbery under 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A). Before the court is Mr. Johnson's Motion to Dismiss (#26). The government filed an opposition (#31) and Mr. Johnson did not reply. For the reasons stated below, Mr. Johnson's motion should be denied.

**A. Background**

  On March 25, 2014, Mr. Johnson allegedly brandished a gun and robbed an AM/PM store in Las Vegas. *See* (Indict. #17). This resulted in a four-count indictment against him. Two of those counts are relevant here.

  Count one charges Mr. Johnson with robbery under the Hobbs Act, 18 U.S.C. § 1951. The Act states that robbery means "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property. . . ." *Id*. Count four charges Mr. Johnson under 18 U.S.C. § 924(c)(1)(A), which imposes an enhanced penalty on a defendant who uses a firearm during "a crime of violence." *Id*. The government alleges that the robbery charge provides a valid predicate for an enhanced penalty under 18 U.S.C. § 924(c)(1)(A).

The government bases this allegation on 18 U.S.C. § 924(c)(3), which defines the term "crime of violence." In pertinent part, it states that "crime of violence" means "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offence." 18 U.S.C. § 924(c)(3). Subsection A is commonly referred to as the elements or force clause (hereinafter "elements clause"). Subsection B is commonly referred to as the residual clause.

Mr. Johnson contends that count four should be dismissed because (1) robbery under the Hobbs Act is not a "crime of violence" as defined by the elements clause and (2) the residual clause is unconstitutional under the Supreme Court's recent decision in *Johnson v. United States*, which determined that a substantially similar residual clause[1] is void for vagueness. 135 S. Ct. 2551, 2557–58 (2015). This report and recommendation follows.

**B. Legal Standard**

Federal Rule of Criminal Procedure 12 governs pleadings and pretrial motions. Under Rule 12(b) a criminal defendant may move to dismiss the indictment. *See* FED. R. CRIM. P. 12(b); *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted).

When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. 1A WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH

---

[1] The residual clause in *Johnson* read ". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2556–57.

§ 194 (citing, *inter alia*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). If the four corners of the indictment are sufficient, "the district court is bound by the . . . indictment." *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). If necessary, the court may make preliminary findings of fact to decide questions of law such as jurisdiction. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). However, the court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *Id.*; FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue").

The court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g.*, *United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004) ("[A] pretrial motion alleging a 'defect in the indictment' under [Rule] 12(b)(3)(B), represents the modern equivalent of a 'demurrer' because both pleadings serve to attack the facial validity of the indictment"); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

**C. Analysis**

Mr. Johnson's motion to dismiss presents two questions: (1) whether robbery under the Hobbs Act is a "crime of violence" as defined by the elements clause and (2) whether the residual clause is unconstitutional under *Johnson*, 135 S. Ct. at 2557–58.

In answering the first question, the court finds that the government's indictment is facially valid because robbery under the Hobbs Act is a crime of violence, as defined by 18 U.S.C. § 924(c)(3). Robbery under the Hobbs Act occurs when a defendant takes or obtains "personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property. . . ." 18 U.S.C. § 1951. To obtain a conviction for Hobbs-Act robbery, the government must prove, *inter alia*, that the defendant "either committed or

3

attempted to commit a robbery," *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004), by "means of actual or threatened force," immediate or in the future. *See* 18 U.S.C. § 1951. Because the Act states that robbery may occur by "means of actual or threatened force," robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)'s elements clause, which defines a crime of violence as "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Mr. Johnson contends that Hobbs-Act robbery is not a crime of violence under the elements clause because it "can be" perpetrated "by putting someone in fear of future injury to his person or property." *See* (Def.'s Mot. (#26) at 5:4, 25–26). In other words, Mr. Johnson argues that because some robberies may be perpetrated by placing someone in fear of a future injury and other robberies can be perpetrated by placing someone in fear of an immediate injury, robbery can never be a crime of violence because only some robberies involve the threat of immediate injury. The court disagrees.

When reviewing a motions to dismiss, it is not the court's role to determine whether a party is entitled to judgment on the pleadings. *Titterington*, 374 F.3d at 457; *Jensen*, 93 F.3d at 669. The court's role is to look at the indictment's four concerns and determine whether the charges contained in the indictment match the conduct that Congress has criminalized in the relevant statute. *Id*. A jury may eventually determine that Mr. Johnson committed the offense of robbery by placing the victim in fear of a future injury. The jury may, therefore, conclude that Mr. Johnson did not commit a crime of violence. But these considerations are for the jury, not the court.

18 U.S.C. § 1951 criminalizes robbery by threatened use of force or intimidation in the present or the future. In turn, 18 U.S.C. § 924(c) renders robbery a crime of violence if the robbery was committed by use of force. Here, Mr. Johnson was charged with robbery under 18 U.S.C. § 1951 and committing a

crime of violence under 18 U.S.C. § 924(c). These two charges are consistent and, therefore, the government's indictment is facially valid.

Rather than determine whether the indictment is facially valid under Rule 12, Mr. Johnson argues that the court's analysis of the indictment should mirror the analysis of convictions that courts apply during sentencing proceedings. That is, the court should use what is known as the "categorical approach" to determine if Hobbs-Act robbery is categorically a crime of violence. *See* (Def.'s Mot. (#26) at 5). The court is unpersuaded. As recently noted by the Honorable Nancy J. Koppe, U.S. Magistrate Judge for the District of Nevada, "[t]he categorical approach . . . 'has been rarely utilized outside its original intended purpose'"—sentencing proceedings. *United States v. Jaime Sandoval*, 2:15–cr–159–JCM–NJK, Doc. #34 at *3 (D. Nev. Oct. 27, 2015) (citation omitted).

Even if the court were to apply the type of analysis that is used in sentencing proceedings, the court would apply the modified categorical approach, which governs statues like 18 U.S.C. § 2119 that "set[] out one or more elements of the offense in the alternative." *Descamps v. United States*, 133 S. Ct. 2276, 2281, *reh'g denied*, 134 S. Ct. 41 (2013). Under his approach, a predicate offence may be considered a crime of violence under 18 U.S.C. § 924(c) if one of the alternative elements involves force. *See Sandoval*, 2:15–cr–159–JCM–NJK, Doc. #34 at *4 (citing *Descamps*, 133 S. Ct. at 2281). Here, one of the alternative elements of robbery involves the immediate use of force.

As a result, robbery under the Hobbs Act may be considered a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). Other courts have reached the same conclusion. *United States v. Standberry*, No. 15–cr–102-HEH, 2015 WL 5920008, at *5 (E.D. Va. Oct. 9, 2015) ("This Court will therefore join other courts in finding that Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A)." (citing *United States v. Welton*, 387 Fed. Appx

189, 191 (3d Cir. 2010) (per curiam); *United States v. Morris*, 247 F.3d 1080, 1084 (10th Cir. 2001); *United States v. Farmer*, 73 F.3d 836, 841-42 (8th Cir. 1996); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991)).

Therefore, the court must end its analysis of Mr. Johnson's motion here and refrain from addressing whether the residual clause is unconstitutional under *Johnson*. *See Ashwander v. Tenn. Valley Auth.*, 56 S. Ct. 466, 483 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Mr. Johnson Motion to Dismiss (#26) be DENIED.

IT IS SO RECOMMENDED

DATED this 17th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE