UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff(s), v. LEON JOHNSON, Defendant(s). | Case No. 2:15-CR-220 JCM (VCF) ORDER |

Presently before the court are Magistrate Judge Ferenbach's report and recommendations regarding defendant's motion to dismiss. (ECF. No. 33). Defendant Leon Johnson filed an objection (ECF. No. 40), and the government filed a response to defendant's objection. (ECF. No. 44).

**I. Background**

On July 28, 2015, a federal grand jury issued an indictment charging defendant in counts one and three with interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and in counts two and four with use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF. No. 17).

Defendant filed a motion to dismiss counts two and four of the indictment. (ECF. No. 26). Magistrate Judge Ferenbach issued a report and recommendation recommending that the defendant's motion to dismiss be denied. Defendant filed an objection to the report and recommendation. (ECF. No. 40). The court now reviews Magistrate Judge Ferenbach's recommendation.

. . .

James C. Mahan
U.S. District Judge

## II. Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. Discussion

Defendant's motion to dismiss argues that the Hobbs Act robbery offenses charged in counts one and three underlying the § 924(c) offense, counts two and four, categorically fail to qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A), and the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

In his report and recommendation, Magistrate Judge Ferenbach found that 1) the indictment was facially valid because Hobbs Act robbery is a crime of violence under the "elements" clause of 18 U.S.C. § 924(c)(3)(A); 2) the categorical approach suggested by the defendant should not be applied at this procedural posture to challenge the sufficiency of the facially-valid indictment; 3) even if the court were to apply a categorical analysis, it would apply the "modified categorical approach" and still determine that Hobbs Act robbery qualifies as a crime of violence under the "elements clause" of 18 U.S.C. § 924(c) because it "necessarily involves the use, attempted use, or threatened use of physical force against the person or property of another"; and 4) the court need not reach the defendant's constitutional argument about the vagueness of 18 U.S.C. § 924(c)'s "residual clause." Consequently, Magistrate Judge Ferenbach recommends that the defendant's motion to dismiss should be denied. (ECF. No. 33). The government concurs with the magistrate judge's report and recommendation and asks that this court adopt it in full. (ECF. No. 44).

Defendant's objections restate the same arguments made in his underlying motion to dismiss. Defendant argues 1) whether Hobbs Act Robbery is a "crime of violence" is a matter of

law determined by the court; 2) Hobbs Act robbery fails to qualify as a "crime of violence" under the § 924(c) force clause; and 3) § 924(c) (3)'s residual clause is unconstitutionally vague.

First, both parties request clarification regarding the magistrate judge's statement that "[t]he jury may . . . conclude that Mr. Johnson did not commit a crime of violence." (ECF. No. 33). Current Ninth Circuit law states that, while "[t]he jury must find the facts underlying the charged offense … in this case[,] the court determines whether that category of offense is a crime of violence." *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995). While the magistrate judge noted the distinctions between the procedural posture in *Amparo* and the posture of the instant case, Ninth Circuit law currently requires that the district court, rather than the jury, must determine whether the predicate offence underlying the 924(c) charge meets the statutory definition of a "crime of violence." The magistrate judge correctly made that determination in his report and recommendation.

Second, the court agrees with Magistrate Judge Ferenbach's determination that Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)'s elements clause, which defines a crime of violence as "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). (ECF. No. 33). This court previously considered similar arguments in *United States v. Jaime Sandoval*, 2:15–cr–159–JCM–NJK (D. Nev. Feb. 17, 2016) (citation omitted). The court finds these arguments unpersuasive, including the claim that Hobbs Act robbery fails to qualify as a crime of violence because it may be accomplished by placing someone in fear of injury to his intangible property. (ECF. No. 40). Hobbs Act robbery is defined as:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. 18 U.S.C. § 1951(b)(1). This statute obviously "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," and therefore qualifies as a "crime of violence" under Section 924(c)(3)(A).

James C. Mahan
U.S. District Judge

This statute contains "as an element the use, attempted use, or threatened use of physical force against the person or property of another," and therefore qualifies as a "crime of violence" under Section 924(c)(3)(A).

Magistrate Judge Ferenbach noted that other courts have reached the same conclusion. *United States v. Standberry*, No. 15–cr–102-HEH, 2015 WL 5920008, at *5 (E.D. Va. Oct. 9, 2015) ("This Court will therefore join other courts in finding that Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A)." (citing *United States v. Welton*, 387 Fed. Appx 189, 191 (3d Cir. 2010) (per curiam); *United States v. Morris*, 247 F.3d 1080, 1084 (10th Cir. 2001); *United States v. Farmer*, 73 F.3d 836, 841-42 (8th Cir. 1996); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991)). The case law upon which defendant relies is not from this circuit and discusses prosecution for Hobbs Act extortion, not Hobbs Act robbery. (ECF. No. 44). Indeed, the Ninth Circuit recently declined to "decide whether intangible property can be the subject of Hobbs Act robbery." *See United States v. Luong*, 610 F. App'x 598, 600 (9th Cir. 2015).

Finally, as Magistrate Judge Ferenbach correctly stated, because the court finds that Hobbs Act robbery may be considered a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), the court must refrain from addressing whether the residual clause is unconstitutional under *Johnson*. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

The court agrees with Magistrate Judge Ferenbach's thorough analysis of the issues put forth in defendant's motion to dismiss counts two and four. Therefore, after reviewing Magistrate Judge Ferenbach's report, defendant's objections, the government's responses, and the underlying briefs de novo, the court adopts the report and recommendation in full.

. . .

. . .

. . .

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF. No. 33) be, and the same hereby are, ADOPTED consistent with the foregoing.

IT IS FURTHER ORDERED that defendant Leon Johnson's motion to dismiss (ECF. No. 26) is DENIED.

DATED May 11, 2016.

James C. Mahan

UNITED STATES DISTRICT JUDGE